IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:00-CR-00204-BO-3

| | |
|---|---|
| WILLIE SNEED,<br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>    Respondent. | )<br>)<br>)<br>)    **ORDER**<br>)<br>)<br>) |

Before the Court is Petitioner Willie Sneed's "Motion For Reduction In Sentence" [DE 67]. For the reasons that follow, Petitioner's Motion is DENIED.

## I. BACKGROUND

On January 11, 2001, Petitioner pled guilty to one count of conspiracy to possess with intent to distribute and distribute cocaine base ("crack"), in violation of 21 U.S.C. § 841(a)(1) [DE 37]. On August 2, 2001, this Court sentenced Petitioner to, *inter alia*, a term of incarceration of 235 months. *See* Judgement, *United States of America v. Willie Sneed*, No. 5:00-CR-00204-BO-3, dkt. 50 (E.D.N.C. Aug. 2, 2001). On November 23, 2010, Petitioner filed the instant Motion For Reduction In Sentence.

## II. DISCUSSION

A.   <u>Petitioner's Motion For Reduction In Sentence</u>

Petitioner's instant Motion requests that the Fair Sentencing Act of 2010 ("FSA"), Pub.L. No. 111–220, 124 Stat. 2372 (Aug. 3, 2010), be applied retroactively to reduce Petitioner's 2001 sentence for a cocaine base violation. The FSA was signed into law by the President on August 3, 2010. The FSA increased the quantity of crack cocaine necessary to trigger certain mandatory minimum sentences under 21 U.S.C. § 841(b)(1). *See* Pub.L. No. 111–220, 124 Stat. 2372

(amending, *inter alia*, 21 U.S.C. § 841). Under the previous version of § 841(b)(1), a defendant who had been convicted of a prior felony drug offense faced a mandatory minimum ten-year sentence for possession of at least five grams of crack cocaine, and a minimum twenty-year sentence for possession of at least fifty grams of crack cocaine. *See* 21 U.S.C. § 841(b)(1)(A)-(B) (2006). The FSA raised the amounts necessary to trigger these ten and twenty-year mandatory minimum sentences from 5 grams to 28 grams, and 50 grams to 280 grams, respectively, such that those defendants convicted of possessing smaller amounts of crack cocaine now face shorter required sentences. *See* Pub.L. No. 111-220, 124 Stat. 2372. Thus, through passage of the FSA, Congress has amended 21 U.S.C. § 841 by reducing--but not eliminating--certain disparities in sentencing between crack and powder cocaine offenses.

It is clear that the FSA applies to chargeable offense conduct occurring on or after August 3, 2010, when the Act was signed by the President. The FSA's application to conduct occurring before August 3, 2010, however, had, since the passage of the Act, been the subject of much debate. The FSA itself made no mention of retroactive application, and no clear answer existed on that issue. However, the uncertainty over the retroactivity of the FSA was just recently settled–at least in this circuit–with the case of *United States of America v. Bullard*, ___ F.3d ___, 2011, 2011 WL 1718894 (4th Cir. May 6, 2011).

In *Bullard*, the Fourth Circuit held that the General Savings Statute (the "Savings Statute"), 1 U.S.C. § 109, prohibits the FSA's retroactive application to a crack offense occurring before August 3, 2010. *Bullard*, 2011 WL 1718894, at * 9–10 ("t[he Savings Clause] fully applies in the sentencing context and bars 'application of ameliorative criminal sentencing laws repealing harsher ones in force at the time of the commission of an offense,' absent an express statement that the law

2

is intended to be applied retroactively") (quoting *Warden, Lewisburg Penitentiary v. Marrero*, 417 U.S. 653, 661 (1974)). The Savings Statute provides that:

> [t]he repeal of any statute shall not have the effect to release or extinguish any penalty . . . incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty . . . .

1 U.S.C. § 109 (emphasis added). Applying this rule to the *Bullard*-defendant's case, the Fourth Circuit held that the Clause barred application of the FSA to the defendant's pre-FSA guilty plea and sentence. *Bullard*, 2011 WL 1718894, at * 9–10. In so doing, the *Bullard* Court aligned itself with all eight circuit court's that have addressed the issue. *Id.* at *10 (citing *United States v. Doggins*, 633 F.3d 379, 384 (5th Cir.2011); *United States v. Reevey*, 631 F.3d 110, 114–15 (3d Cir.2010); *United States v. Diaz*, 627 F.3d 930, 931 (2d Cir.2010) (per curiam); *United States v. Gomes*, 621 F.3d 1343, 1346 (11th Cir.2010); *United States v. Bell*, 624 F.3d 803, 814–15 (7th Cir.2010); *United States v. Carradine*, 621 F.3d 575, 580 (6th Cir.2010); *United States v. Lewis*, 625 F.3d 1224, 1228 (10th Cir.2010); *United States v. Brewer*, 624 F.3d 900, 909 n. 7 (8th Cir.2010).

Applying the *Bullard* Court's reasoning to the instant case, the Court finds that the FSA offers Petitioner no relief. The Petitioner's relevant offense conduct occurred prior to enactment of the FSA; that conduct culminated on January 11, 2001 with Petitioner's guilty plea to conspiracy to possess with intent to distribute and distribute cocaine base. Because Petitioner's relevant offense conduct was completed prior to August 3, 2010, the Savings Clause applies and Petitioner is not entitled to resentencing under the FSA. *Bullard*, 2011 WL 1718894, at * 9–10. Petitioner was properly sentenced under the then-existing federal law for his offense.

3

## III. CONCLUSION

Based on the foregoing, Petitioner's "Motion For Reduction In Sentence" [DE 67] is DENIED.

IT IS SO ORDERED, in chambers, this __10__ day of May, 2011.

                                                    TERRENCE W. BOYLE
                                                  UNITED STATES DISTRICT JUDGE